DEL VALLE and another *v.* WELSH, Ex'r.[1]

*(Circuit Court, E. D. Pennsylvania.   June 29, 1886.)*

**1. EXECUTORS AND ADMINISTRATORS—JURISDICTION—FOREIGN CLAIM.**
    The United States circuit court has jurisdiction to determine the validity of foreign claims against a decedent's estate.
**2. SAME—FOREIGN TRUSTEE—PRELIMINARY INJUNCTION—JUDGMENT OF A STATE COURT.**
    B., a foreign trustee, presented his claim against the decedent's estate in the orphans' court of Philadelphia county. At the same time other claims, presented by his *cestuis que trust,* were passed upon. B.'s claim was not strongly urged, but those of his *cestuis que trust* were. All were rejected. An appeal was taken to the state supreme court, but not by B., and the judgment of the orphans' court was affirmed. B. subsequently filed a bill in equity against the executor in the United States circuit court, and asked for a preliminary injunction restraining the executor from disposing of the assets of the estate. *Held,* refusing the motion for a preliminary injunction, that B. had no standing in equity; that, having become a party to the proceedings in the state court, that court's judgment was binding upon him.

In Equity.   Motion for preliminary injunction.
*John C. Bullitt,* for complainant.
*F. Carroll Brewster,* for respondent, Del Valle.
*Morgan & Lewis,* for respondent, Gibbs.

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

BUTLER, J. The jurisdiction of the court is scarcely denied. The question of power to grant the relief asked, and the effect of Mrs. Acosta's letter to Mr. Welsh, need not be considered. In the light of the facts now presented we do not think the plaintiff has any standing in equity. Not only was he aware of the proceedings in the orphans' court to ascertain the ownership, and make distribution of the fund, but he appeared there; and seems to have called attention to his claim. He did not produce the proofs and press it, however, but allowed others to enter upon a contest for the property, which consumed time and money. The court was specially adapted to hearing and determining the rights of the plaintiff, as well as of all others, and no satisfactory explanation is made of his failure to press the claim. A possible explanation may be found in the circumstance that the *prima facie* beneficiaries under the alleged trust (in whose behalf and at whose instance it seems probable this bill is filed) had other claims, which antedate those of the successful contestants, (while the alleged trust antedates but the smaller of them,) which were supposed to afford better chances of success. Whatever may have induced the omission to press the claim, it seems (quite clearly) inequitable to allow the contest for the fund to be renewed by setting it up here. It seems so in the light of the facts before us, allowing full credence to the defendant's affidavits, as we must on this motion. Further developments may possibly change the aspect of the case. The motion is disallowed.